UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIAMOND JUNIOR,                                                  **REPORT,**
                                                                 **RECOMMENDATION,**
                                                                 **AND ORDER**
                              Plaintiff,

v.                                                               18-CV-01014-LJV-JJM

ERIE COUNTY MEDICAL CENTER,

                              Defendant.
_____

       Plaintiff commenced this Title VII action *pro se,* alleging discrimination by

defendant Erie County Medical Center, her former employer.  Complaint [1].[1]  Before the court are

defendant's motion for dismissal of the Complaint for improper service of process pursuant to Fed.

R. Civ. P. ("Rule") 12(b)(5) [2], and plaintiff's motion for service by the United States Marshal [8],

which have been referred to me by District Judge Lawrence J. Vilardo for initial consideration [6].

Having reviewed the parties' submissions [2-4, 8-10], plaintiff's motion is denied, without

prejudice, and I recommend that defendant's motion be denied, without prejudice.


## BACKGROUND

       Plaintiff commenced this action by filing her Complaint on September 14, 2018 [1].

According to defendant, and undisputed by plaintiff, on September 21, 2018, plaintiff's mother

served Alexander Collichio, Esq., defendant's Director of Labor and Employee Relations, with the

Summons, but not the Complaint.  Collichio Affidavit [4], ¶¶1,2, 6. Junior Affidavit [10], ¶¶2, 8.

---

[1]      Bracketed references are to the CM/ECF docket entries, and page references are to numbers reflected on the documents themselves rather than to CM/ECF pagination.

After defendant filed its motion to dismiss [2], I set a briefing schedule requiring plaintiff's response to the motion be filed by November 9, 2018, and defendant's reply, if any, to be filed by November 19, 2018.  October 19, 2018 Text Order [7].  On October 2, 2018, plaintiff moved for service of the Summons and Complaint by the United States Marshal [8], but filed no opposition to defendant's motion to dismiss until November 15, 2018 [10] - six days after her deadline to do so.  In any event, defendant fails to argue that plaintiff's opposition should not be considered and notwithstanding its untimeliness, defendant was able to respond to it in its reply. Therefore, I have considered it in adjudicating defendant's motion.  *See* Official Committee of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman, 2017 WL 9485707, *5 n. 4 (E.D.N.Y.), adopted, 2017 WL 3981299 (E.D.N.Y. 2017) ("[n]otwithstanding Defendant's untimely opposition, given her status as a *pro se* litigant, the Court, in its discretion, will nonetheless consider Defendant's untimely response in adjudicating the motion").

## DISCUSSION

### A.    Defendant's Motion to Dismiss for Insufficient Service of Process

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (Summary Order). "In deciding a Rule 12(b)(5) motion, a court must look to Rule 4, which governs the content, issuance, and service of a summons, and may consider matters outside the complaint to determine whether it has jurisdiction". Holmes v. Caliber Home Loans, Inc., 2017 WL 3267766, *4 (S.D.N.Y. 2017).

Defendant moves to dismiss the Complaint for insufficient service of process on the ground that, *inter alia*, plaintiff "failed to effect service in a manner permitted by Rule 4 insofar

as . . . the summons handed to Mr. Collichio was unaccompanied by a copy of the Complaint". Defendant's Memorandum of Law [3], p. 2. Plaintiff acknowledges that the Complaint was not served and rightfully does not challenge that this rendered the service ineffective. Junior Affidavit [10], ¶8. *See* Barron v. Miami Executive Towers Associates Ltd. Partnership, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("actual receipt of both the summons and the complaint is a base requirement" of Rule 4); Radwan v. University of Connecticut Board. of Trustees, 2017 WL 6459799, *3 (D. Conn. 2017) ("[a] motion to dismiss under Rule 12(b)(5) may be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4"). Instead, plaintiff seeks additional time to complete proper service. Junior Affidavit [10], ¶¶9-11.

Under these circumstances, dismissal is not mandated so long as "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly". *See* Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985); Overhoff v. Health Care Plan, Inc., 1999 WL 605706, *2 (W.D.N.Y. 1999). At this stage, there is no indication that plaintiff will be unable to properly serve defendant. The only hinderance to her doing so is the deadline for completing service. Pursuant to Rule 4(m) a plaintiff has 90 days from the filing of the complaint to serve it, failing which the court must dismiss the action, without prejudice, or order that service be made within a specified time.

Currently, the deadline for plaintiff to complete service is December 13, 2018. Although a district court "must extend the time for service for an appropriate period", where "good cause" is shown (id.), even in the absence of good cause, "a district court has wide latitude in deciding when to grant extensions". Mares v. United States, 627 Fed. App'x. 21, 23 (2d Cir. 2015) (Summary Order); Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007) ("district courts have discretion to grant extensions even in the absence of good cause"); Henderson v. United

<u>States</u>, 517 U.S. 654, 658 n.5 (1996).  Relevant factors in determining whether to exercise that

discretion "include, *inter alia*, the relative prejudice to the parties (including whether the action

would be barred by the statute of limitations and whether defendant had actual notice of the suit)

and whether there is a 'justifiable excuse' for the failure properly to serve". <u>Mares</u>, 627 Fed. App'x.

at 23.  Since defendant has not specifically opposed plaintiff's request for an extension and does not

appear to be prejudiced by the delay, I conclude that some extension of the service deadline is

warranted. *See* <u>Soos v. Niagara County</u>, 195 F. Supp. 3d 458, 468 (W.D.N.Y. 2016).

   Therefore, I recommend that defendant's motion to dismiss be denied and that

plaintiff be given an additional 60 days to complete proper service and file proof of service with the

Court.  *See* <u>Overhoff</u>, 1999 WL 605706, *3; <u>Nieves v. Gonzalez</u>, 2006 WL 758615, *7 (W.D.N.Y.),

<u>adopted</u>, 05-cv-00017 [36] (W.D.N.Y. 2006).


**B.**  **Plaintiff's Cross-Motion for Service by the United States Marshal**

   Since plaintiff never sought nor was granted *in forma pauperis* status, she remains

responsible for serving the defendant with the Summons and Complaint.  Among the options for

effectuating service, "the court may order that service be made by a United States marshal or deputy

marshal" Rule 4(c)(3).  "[A] plaintiff requesting appointment of the United States Marshal in order

to comply with the service requirements of Rule 4 must provide a factual basis for why a court

order is necessary to accomplish service". <u>Prosperous v. Todd</u>, 2017 WL 2291367, *1 (M.D. Fla.

2017).  Here, plaintiff states, "I asked my mother . . . to serve, and she did.  The defendant filed a

motion to dismiss because served improperly" [8].

   Guiding the court's discretion in determining whether to permit service by the

United States Marshal, "the advisory committee notes to Rule 4 indicate that '[i]f a law enforcement

presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service.' [Rule] 4(c) advisory committee's notes to 1993 amendments. A court appointed process server may also be appropriate where the plaintiff is unable to resort to private options for the effectuation of service." Zarro v. Spitzer, 2008 WL 4399442, *2 (N.D.N.Y. 2008).

Neither of these circumstances apply here. There is no indication that law enforcement presence is necessary or that plaintiff, who is employed as a Mental Health Clinician, lacks other means for effectuating service. Junior Affidavit [10], ¶1. In fact, plaintiff specifically states that she "will arrange [defendant] to be re-served by another party not involved with this case". Junior Affidavit [10], ¶10. Therefore, plaintiff's motion is denied, without prejudice.

## CONCLUSION

For these reasons, plaintiff's motion for service by the United States Marshal [8] is denied, without prejudice, and I further recommend that defendant's motion to dismiss [2] be denied, without prejudice and that plaintiff be given an additional 60 days to complete proper service and file proof of service. The Clerk of the Court is directed to forward to plaintiff the *Pro Se* Litigation Guidelines, which discuss how a plaintiff can serve the summons and complaint.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation, and Order must be filed with the clerk of this court by December 17, 2018. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary

material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

       The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  November 29, 2018

                           /s/ Jeremiah J. McCarthy
                           JEREMIAH J. McCARTHY
                           United States Magistrate Judge