UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIAMOND JUNIOR,

        Plaintiff,

v.

ERIE COUNTY MEDICAL CENTER
CORPORATION,

        Defendant.

18-CV-1014-LJV-JJM
DECISION AND ORDER

On September 14, 2018, the *pro se plaintiff*, Diamond Junior, commenced this action, alleging discrimination by her former employer, Erie County Medical Center Corporation ("ECMC"). Docket Item 1. On October 18, 2018, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 6.

On April 2, 2021, ECMC moved for summary judgment, Docket Item 64; on May 20, 2021, Junior responded, Docket Item 67; and on May 26, 2021, ECMC replied, Docket Item 68. On December 28, 2021, Judge McCarthy issued a Report, Recommendation, and Order ("RR&O") finding that ECMC's motion should be granted. Docket Item 69. The parties did not object to the RR&O, and the time to do so now has expired.[1] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[1] Junior moved twice to extend her time to object to the RR&O. *See* Docket Items 70, 72. Both times she asked the Court for an extension of 190 days—that is, more than six months. *Id.* Although the Court declined to extend the deadline for so long, it ultimately extended her time to object by five months. *See* Docket Items 71, 73. But in the end, and despite those extensions, Junior did not file any objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's RR&O as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to grant ECMC's motion for summary judgment on Junior's claims of disparate treatment, hostile work environment, and constructive discharge under Title VII; to dismiss the remaining state law claims; and to strike the part of Junior's response that contains confidential settlement discussions, Docket Item 67 at 5.

For the reasons stated in the RR&O, ECMC's motion for summary judgment on Junior's claims of disparate treatment, hostile work environment, and constructive discharge under Title VII, Docket Item 64, is GRANTED; the remaining state law claims are DISMISSED; and that portion of Junior's response containing confidential settlement discussions, Docket Item 67 at 5, is stricken from the docket. The amended complaint, Docket Item 24, therefore is dismissed, and the Clerk of the Court shall close the file.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).

Junior must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      June 27, 2022
            Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

3